**Eleazar TANAHUBIA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73041.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable

Robert G. Berke, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Jeffrey J. Bernstein, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM **

Eleazar Tanahubia, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

Tanahubia testified that he was a member of a fishing union in Guatemala and that a conflict arose when union leaders pocketed wage increases that were intended for members. Tanahubia further testified that unidentified armed men came to his house on three occasions while he was at sea. Substantial evidence supports the IJ's finding that the intra-union conflict was about money, and not any political opinion of Tanahubia's, real or imputed. *See Sangha*, 103 F.3d at 1487 (9th Cir. 1997). Substantial evidence also supports the IJ's finding that Tanahubia did not show that the three appearances by unidentified men were related to his political opinion, real or imputed, or any discrimination based on social group. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir.2002). Accordingly, substantial evidence supports the IJ's conclusion that Tanahubia was not targeted on account of his political opinion or membership in a social group. *See id.*

By failing to qualify for asylum, Tanahubia necessarily fails to satisfy the more

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

Tanahubia's challenge to the BIA's summary affirmance procedure is foreclosed by *Falcon Carriche,* 350 F.3d at 849–50.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**